## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**HADASSAH L.,**
**Respondent Below, Petitioner**

**vs.) No. 22-ICA-116 (Fam. Ct. Wood Cnty. No. FC-54-2016-D-326)**

**CHRISTOPHER S.,**
**Petitioner Below, Respondent**

**FILED**

**March 9, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Hadassah L.[1] ("Mother") appeals the Family Court of Wood County's August 12, 2022, order denying her petition for modification of a parenting plan. Respondent Christopher S. ("Father") filed a timely response.[2] Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' oral and written arguments, the record on appeal, and the applicable law, this Court finds the family court erred in failing to set forth findings of fact and conclusions of law sufficient to allow meaningful appellate review. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to reverse the family court's August 12, 2022, order, and remand the case to family court with instructions to enter a new order setting forth specific findings of fact and conclusions of law sufficient for meaningful appellate review.

The parties in this matter share a minor child, B.S. Father has maintained primary custody of B.S. since approximately August 2018, when Mother developed a substance abuse disorder. Since that time, Mother has completed long-term in-patient rehabilitative treatment and has maintained sobriety for approximately four years. As her recovery progressed, the family court permitted Mother to increase her contact with B.S., beginning in 2019 with weekly supervised visits and telephonic communication, ultimately leading to Mother having parenting time, under generalized supervision, every other weekend at the maternal grandmother's home. This parenting arrangement was implemented into an agreed permanent parenting plan, adopted by the family court on March 16, 2021, which

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Petitioner is represented by Katharine L. Davitian, Esq. Respondent is represented by Justin M. Raber, Esq.

also included a provision for unsupervised parenting time if Mother obtained her own residence.

On March 31, 2022, Mother filed a petition for modification of the permanent parenting plan, requesting equal parenting time. In support of her petition, Mother asserted four changes in circumstances to justify modification of the parenting plan: (1) she had maintained her own stable residence for over a year, (2) she had been in recovery for nearly four years, (3) she had been a constant in her child's life, and (4) she had provided the child a loving home.

On August 8, 2022, the family court held a hearing on the petition for modification. From the bench, the family court applauded Mother's progress toward independence, but noted Mother obtaining her own residence was contemplated in the prior parenting plan, making it an anticipated change, which prevented it from justifying a modification of the parenting plan.

On August 12, 2022, following a hearing on the petitions,[3] the family court issued an order denying Mother's petition for modification. In its order, the family court summarily concluded that "there is not a significant change of circumstances pursuant to W. Va. Code § 48-9-401 in regards [sic] to the parenting plan."[4] The family court's order did not engage in any discussion of the asserted grounds for modification, nor did it explain its findings or analysis of anticipated changes.[5]

---

[3] Father filed a counter-petition for increased child support, which was also adjudicated in the family court's August 12, 2022, order.

[4] Regardless, the family court modified the plan to reflect the actual parenting practices of the parties.

[5] In *Jared A. v. Molly A.*, 246 W. Va. 556, 874 S.E.2d 358 (2022), the Supreme Court stated that West Virginia Code § 48-9-401(a) (2001) establishes three criteria for change in circumstances modifications to parenting plans. First, the facts relevant to the change in circumstances must not have been known or anticipated in the order that established the parenting plan. *Id.* at ___, 874 S.E.2d at 364; *see also Skidmore v. Rogers*, 229 W. Va. 13, 21, 725 S.E.2d 182, 190 (2011) ("the relevant question is not whether a particular change in circumstance could have been anticipated, but whether the parenting plan actually did anticipate, and provide accommodation for, the particular change."). Second, the change in circumstances, whether "of the child or of one or both parents[,]" must be substantial. *Id.* Third, the modification must be "necessary to serve the best interests of the child." *Id.*

Mother now appeals the family court's order denying her petition for modification. When reviewing such appeals, we apply the following appellate standard of review:

> "[i]n reviewing a final order entered by a circuit court judge upon review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law de novo." Syl. Pt., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va.__, __ S.E.2d __, 2022 WL 17098574, at *3 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of a family court order).

Mother argues that the family court's order was insufficient, as it did not provide the facts and conclusions underpinning its finding that a substantial change in circumstances had not occurred. Conversely, Father contends that Mother's long-term recovery was anticipated by the prior plan, that the best interests of the child are served by the status quo arrangement, and that, aside from the passage of time, Mother failed to show any change in circumstances.

We agree with Mother. The Supreme Court of Appeals of West Virginia has remanded insufficient orders finding that:

> to properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard— *i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 363–64, 745 S.E.2d 250, 254–55 (2013) (alteration in original). Further, the reasoning of *Collisi* extends to orders concerning petitions for modification of a parenting plan. *See Jared M. v. Molly A.*, No. 19-0764, 2020 WL 7233165 (W. Va. Dec. 7, 2020) (memorandum decision); *Kayla H. v. Stephanie B.*, No. 22-ICA-18, 2023 WL 152890 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision).

Here, the family court's order failed to provide sufficient findings and conclusions in support of its ultimate decision to allow for meaningful appellate review. Accordingly, the family court's order is insufficient as a matter of law.

For the foregoing reasons, we reverse the family court's August 12, 2022, order and remand the case to the family court with instructions for the court to enter a new order containing specific findings of fact and conclusions of law sufficient to allow meaningful appellate review. The Clerk of this Court is hereby directed to issue the mandate contemporaneously herewith.

Reversed and remanded with instructions.

**ISSUED:** March 9, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Thomas E. Scarr